UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BOGDANA OSIPOVA (MOBLEY)

                     Plaintiff,

              v.

KURT KERNS, *et al.*,

                     Defendants.
-----------------------------------------------------------------X

**TRANSFER ORDER**
19-CV-7049 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On December 3, 2019, plaintiff Bogdana Osipova (Mobley), proceeding *pro se*, filed this legal malpractice action against her former defense attorney, Kurt Kerns, and his law firm Ariagno, Kerns, Mank & White, which markets itself as "Warrior Lawyers." Defendant Kerns represented plaintiff in a criminal case prosecuted in the United States District Court for the District of Kansas. (Compl. (Doc. No. 1) at 1.) Plaintiff was convicted in that case and is currently incarcerated in Danbury, Connecticut. (*Id.*) Plaintiff did not pay the filing fee in this action or request to proceed without prepayment of the fee.

The venue statute requires that civil actions be brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred;" or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391. When a case is filed "laying venue in the wrong division or district," the district court may "transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Venue is not proper in this district. Plaintiff does not allege that any of the defendants are New York residents or that any of the alleged negligent acts occurred in New York. Rather, defendants are based in Wichita, Kansas, and plaintiff's complaint principally alleges acts and omissions that occurred in Kansas. (Compl. at 1.) Accordingly, this case is hereby transferred to the United States District Court for the District of Kansas. *See* 28 U.S.C. § 1406(a).

Local Rule 83.1, which normally requires a seven-day delay before effectuating transfer of venue, is waived for the purposes of this action. Matters relating to any *in forma pauperis* application are reserved for the transferee court. No summons will issue from this Court.

SO ORDERED.

Dated: Brooklyn, New York
Dec 22, 2019

s/Roslynn R. Mauskopf

_____
ROSLYNN R. MAUSKOPF
United States District Judge